# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | | |
|---|---|---|
| ALETA C. KING, | } | |
| | } | Cause No. 3:12CV-10-H |
| Plaintiff, | } | |
| | } | |
| v. | } | **COMPLAINT** |
| | } | |
| FRANKLIN COLLECTION SERVICE, INC. | } | |
| | } | |
| **SERVE**: | } | |
| C T Corporation System | } | JURY TRIAL DEMANDED |
| 306 W. Main St., Suite 512 | } | |
| Frankfort, KY 40601 | } | |
| | } | |
| Defendant. | } | |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes now the Plaintiff, Aleta C. King ("***Plaintiff***" or "***Ms. King***"), by counsel, and for her Complaint against the Defendant, Franklin Collection Service, Inc., states as follows:

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## II. PARTIES

2. The Plaintiff, Aleta C. King ("***Plaintiff***" or "***Ms. King***"), is an individual and a citizen of the Commonwealth of Kentucky, residing in Jefferson County. Plaintiff is a "***consumer***" as that term is defined in the FDCPA.

3. Defendant, Franklin Collection Services, Inc. ("***Defendant***" or "***FCS***"), is a corporation organized and existing under the laws of the State of Mississippi, having principal offices located at 2978 W. Jackson St., Tupelo, Mississippi. At all pertinent times herein, Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky. Defendant is a "***debt collector***" as said term is defined in the FDCPA.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue in this District is proper because the Defendant transacts business in this District, Plaintiff is a resident of this District and the conduct complained of occurred here.

## IV. FACTS

5. On or about October 8, 2011, by sending correspondence to Plaintiff, *inter alia*, Defendant sought to collect a debt purportedly owed by Plaintiff relating to a consumer AT&T account in the principal amount of $298.15, plus $53.67 as a "collection charge" (the "***debt***").

6. On or about October 31, 2011, Plaintiff, by counsel, sent correspondence to Defendant wherein Plaintiff disputed the validity of the debt and notified Defendant that she was being represented by counsel with respect to the debt.

7. On or about November 17, 2011, Defendant sent correspondence directly to Plaintiff, enclosing therewith purported copies of AT&T billing statements, with a cover letter inviting Plaintiff to contact Defendant concerning any questions she may have.

8. Defendant's conduct as herein alleged constitutes violations of the FDCPA and as a result of the above indicated actions of Defendant, Plaintiff has been damaged.

### COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

9. Plaintiff reiterates and incorporates herein Paragraphs 1 to 8.

10. Defendant's representations to Plaintiff were materially false deceptive, and/or misleading.

11. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant's conduct constituted the making of false, deceptive, or misleading representations regarding the debt, its character, amount, and legal status, and that Defendant was entitled to a charge for collection of the debt, by, *inter alia*, representing that the original debt was valid and past due, and that Plaintiff owed a collection charge of $53.67.

12. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

13. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

### COUNT II – UNLAWFUL COMMUNICATIONS WITH THE CONSUMER

14. Plaintiff reiterates and incorporates herein Paragraphs 1 to 8.

15. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that in connection with the collection of the debt, the Defendant, knowing that Plaintiff was represented by an attorney with respect to the debt and the attorney's name and address, communicated directly with the Plaintiff with respect to the debt. 15 U.S.C. § 1692c(a)(2).

16. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

## COUNT III – VIOLATION OF VALIDATION RIGHTS

17. Plaintiff reiterates and incorporates herein Paragraphs 1 to 8.

18. Defendant's conduct, as alleged herein, constitutes violations of the FDCPA in that Defendant failed to mail a copy of a verification of the debt or a judgment to Plaintiff, specifically a verification of the "collection charge," but rather continued to collect the debt, by, *inter alia*, communicating directly with the Plaintiff.

19. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

20. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent,

widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT IV – UNFAIR PRACTICES

21.     Plaintiff reiterates and incorporates herein Paragraphs 1 to 8.

22.     Defendant's conduct, as alleged herein, constitutes violations of the FDCPA in that Defendant used unfair or unconscionable means to collect or attempt to collect any debt, by, *inter alia*, seeking to collect an unlawful and unauthorized "collection charge" and communicating directly with Plaintiff, knowing she was represented by an attorney with respect to the debt. 15 U.S.C. § 1692k(f).

23.     Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

WHEREFORE, Plaintiff, Aleta C. King, by counsel, demands relief against the Defendant, Franklin Collection Service, Inc., as follows:

A.     Entry of a Judgment against Defendant to compensate Plaintiff for her actual damages sustained as set forth in above Counts.

B.     Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C.     Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E. Trial by jury on all issues so triable.

F. Entry of an order temporarily and permanently enjoining Defendant from future similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the Debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

G. An award of attorneys' fees and costs herein incurred.

H. Any and all other relief to which she may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

BOROWITZ & GOLDSMITH, PLC

By: /s/ Zachary L. Taylor
ZACHARY L. TAYLOR
401 West Main Street, Suite 1100
Louisville, Kentucky 40202
(502) 584.7371
ztaylor@bglaw.com
*Counsel for Plaintiff*